UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION


TERRY YOUNG, )
)
        Petitioner, )
)
    vs. ) Case No.   12-0775-CV-W-BCW-P
)
JEFF NORMAN, )
)
        Respondent. )


## **O R D E R**


Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in

the Circuit Court of Jackson County, Missouri, for murder in the second degree and armed

criminal action.  The Missouri Court of Appeals affirmed petitioner's convictions and the denial

of his motion for post-conviction relief.  Respondent's Exhibits E and K (unpublished opinions).

Petitioner asserts four grounds for relief:  He was denied effective assistance of trial

counsel because his attorney (1) failed to present the testimony at trial of Chester Gaskin, who was

an eyewitness to the murder, (2) "fail[ed] to depose or investigate the [S]tate's witnesses prior to

trial," (3) failed to object to the State's closing argument, and (4) failed to object to the hearsay

testimony of Perry Dixon and April Robertson.  Doc. 1, pp. 5-11 (petition).

The Missouri Court of Appeals considered and rejected ground (1), concluding that "[t]he

record shows that Gaskin would not have testified if called."  Respondent's Exhibit K, p. 6

(unpublished opinion).  The record supports that conclusion.  In *Parker v. Bowersox*, 94 F.3d

458, 461-62 (8th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997), the Court found no constitutional violation when defense counsel elected not to call a witness who "was extremely reluctant to get involved . . . ." Based on the record, and following *Parker*, the Missouri Court of Appeals' resolution of the ineffective-assistance claim discussed above was neither contrary to nor an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts in light of the evidence presented in the state courts. 28 U.S.C. § 2254(d)(1) and (2). Therefore, relief will be denied on ground (1).

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Id.*

Petitioner defaulted his remaining grounds for relief by failing to present those claims properly in the Missouri Court of Appeals. *Compare* Doc. No. 1, pp. 5-11 (federal petition) *with* Respondent's Exhibit I, pp. 27-29 (petitioner's brief on appeal from the denial of state post-conviction relief). *See also* Doc. No. 5, pp. 6-8 (respondent's' summary of default); *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (in a federal habeas corpus case, a claim that was not raised in the appropriate state court based on the "same factual grounds and legal theories" was procedurally defaulted), *cert. denied*, 540 U.S. 870 (2003).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

2

law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner attributes his default of grounds (2) and (4) to ineffective assistance of post-conviction counsel.  Doc. 10, pp. 12, 27 (reply).  Petitioner relies on *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012), in which the Court announced that "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Martinez* establishes a "narrow exception" within the doctrine of procedural default.  *Id*. at 1315.  In this case, in order to show cause under *Martinez*, petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that [petitioner] must demonstrate that the claim has come merit."  *Id*. at 1318-19 (citation omitted).  Having reviewed the record, the Court agrees with respondent that petitioner's claims are, *inter alia*, too conclusory to qualify for *Martinez's* "narrow exception." *See* Doc. 20 (response).

Petitioner attributes his default of ground (3) to the Missouri Court of Appeals' failure to remand his case to the Circuit Court of Jackson County "with direction to issue findings of fact and conclusions of law[.]"  Doc. 10, p. 22 (reply).  However, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."  *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (citations and quotation marks omitted).

For the reasons explained above, petitioner has failed to demonstrate cause for his default. Petitioner also has failed to show that he is "probably actually innocent" of the crimes for which he

was convicted.  *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996), *cert. denied*, 520 U.S. 1128 (1997); *see* Docs. 10 and 25 (replies).  The Court concludes that further review of petitioner's defaulted claims is not required to prevent a fundamental miscarriage of justice.

Petitioner has failed to allege a basis for federal habeas corpus relief.  Therefore, petitioner's "Motion for Court Order for Respondent to Obtain [and] Turn Over Documents" (Doc. 12) is denied, this petition for a writ of habeas corpus is denied, and this case is dismissed.

So **ORDERED**.


      _/s/ Brian C. Wimes_____
      BRIAN C. WIMES
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 19, 2014.